B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
## Western District of Pennsylvania

In re   **Thomas J. Kinsey, Jr.,**
      **Ellen S. Kinsey**

Case No. ___**12-20439 CMB**___

_____,
               Debtors

Chapter _____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 230,000.00 | | |
| B - Personal Property | Yes | 4 | 407,962.00 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 513,893.50 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | 30,424.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 5,506.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 5,350.00 |
| Total Number of Sheets of ALL Schedules | | 18 | | | |
| Total Assets | | | 637,962.00 | | |
| Total Liabilities | | | | 544,317.50 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Western District of Pennsylvania

In re    **Thomas J. Kinsey, Jr.,**        Case No.   **12-20439 CMB**
       **Ellen S. Kinsey**

                 Debtors     Chapter          **7**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re   **Thomas J. Kinsey, Jr.,**              Case No. ___**12-20439 CMB**_____
        **Ellen S. Kinsey**
                                                          ,
                              Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Residence, a 2 story frame 4 bedroom home on city lot @ 109 Alpine Circle, Belle Vernon, Westmoreland County, PA.  Purchased for $219,000 in 2002.  Current value of $230,000.** | **Fee simple** | **W** | **230,000.00** | **495,714.50** |

|  |  |  |
|---|---|---|
| Sub-Total > | **230,000.00** | (Total of this page) |
| Total > | **230,000.00** |  |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re  **Thomas J. Kinsey, Jr.,**
      **Ellen S. Kinsey**
                              Debtors      ,

Case No.   **12-20439 CMB**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash on hand**<br>**Location: 109 Alpine Circle, Belle Vernon PA 15012** | J | 500.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account @ Charleroi Federal Savings Bank** | J | 300.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **7 rooms of furniture, household goods, appliances, including equipped kitchen, furnished living room, dining room, 3 furnished bedrooms and a garage, all of minimal value, with no one item exceeding the limit.**<br>**Location: 109 Alpine Circle, Belle Vernon PA 15012** | J | 6,200.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Various books and CDs**<br>**Location: 109 Alpine Circle, Belle Vernon PA 15012** | J | 200.00 |
| 6. Wearing apparel. | | **Clothing, of minimal value**<br>**Location: 109 Alpine Circle, Belle Vernon PA 15012** | J | 600.00 |
| 7. Furs and jewelry. | | **Wedding rings:  man's gold band, woman's diamond engagement ring w/wrap, gold band**<br>**Location: 109 Alpine Circle, Belle Vernon PA 15012** | J | 3,500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **2 pistols:  1 registered to each**<br>**Location: 109 Alpine Circle, Belle Vernon PA 15012** | J | 400.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **2 term life insurance policies through Northwestern Mutual Life.  Neither have cash value.** | J | 0.00 |

Sub-Total >        **11,700.00**
(Total of this page)

  **3**   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Thomas J. Kinsey, Jr.,**                                           Case No. __**12-20439 CMB**__
    **Ellen S. Kinsey**

                                                  Debtors,

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Cash value of 401(k) through Scottdale Bank & Trust.  (Only employed since August 2011.)** | H | 552.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

                                                  Sub-Total >        **552.00**
                                                (Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Thomas J. Kinsey, Jr.,**　　　　　　　　　　　　　　　　Case No. __**12-20439 CMB**__
　　　　**Ellen S. Kinsey**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　,
　　　　　　　　　　　　　　　　Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Claim for breach of contract vs. Oditza Carrasco for defaulting on "Buy-Sell Agreement" dated 10/28/11, whereby Husband sold Home Team Lending, LLC, HTL Settlement Services, LLC and Turn 2 Sold Real Estate, LLC, to Carrasco for $100,000. Carrasco made no payments on the agreement. | H | 100,000.00 |
| | | Claim vs. Oditza Carrasco for failure to pay lease for site of Home Team Lending office, pursuant to an "Assignment and Assumption of Standard Commercial Office Lease for Home Team Lending, LLC." Willowpointe Partners, LLC confessed judgment against both Debtors for $270,710 at No. 222 of 2012, Westmoreland County Court of Common Pleas, for the entire balance of the lease. | J | 270,710.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2008 Nissan Armada SUV w/94,000 miles Location: 109 Alpine Circle, Belle Vernon PA 15012 | W | 20,000.00 |
| | | 2003 Infiniti FX-35 w/197,000 miles. Title is unencumbered. Location: 109 Alpine Circle, Belle Vernon PA 15012 | W | 5,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |

　　　　　　　　　　　　　　　　　　　　　　　　　Sub-Total >　　　　395,710.00
　　　　　　　　　　　　　　　　　　　　　　(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Thomas J. Kinsey, Jr.,**    Case No. ___**12-20439 CMB**_____
         **Ellen S. Kinsey**
                                                                    Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | **0.00** |
| (Total of this page) | |
| Total > | **407,962.00** |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

.

| In re | Thomas J. Kinsey, Jr., | Case No. | **12-20439 CMB** |
|---|---|---|---|
| | Ellen S. Kinsey | | |

Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
- ■ 11 U.S.C. §522(b)(2)
- ☐ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Residence, a 2 story frame 4 bedroom home on city lot @ 109 Alpine Circle, Belle Vernon, Westmoreland County, PA.  Purchased for $219,000 in 2002.  Current value of $230,000.** | 11 U.S.C. § 522(d)(1) | 4,994.00 | 230,000.00 |
| **Cash on Hand** | | | |
| **Cash on hand** Location: 109 Alpine Circle, Belle Vernon PA 15012 | 11 U.S.C. § 522(d)(5) | 500.00 | 500.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking account @ Charleroi Federal Savings Bank** | 11 U.S.C. § 522(d)(5) | 300.00 | 300.00 |
| **Household Goods and Furnishings** | | | |
| **7 rooms of furniture, household goods, appliances, including equipped kitchen, furnished living room, dining room, 3 furnished bedrooms and a garage, all of minimal value, with no one item exceeding the limit.** Location: 109 Alpine Circle, Belle Vernon PA 15012 | 11 U.S.C. § 522(d)(3) | 6,200.00 | 6,200.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| **Various books and CDs** Location: 109 Alpine Circle, Belle Vernon PA 15012 | 11 U.S.C. § 522(d)(3) | 200.00 | 200.00 |
| **Wearing Apparel** | | | |
| **Clothing, of minimal value** Location: 109 Alpine Circle, Belle Vernon PA 15012 | 11 U.S.C. § 522(d)(3) | 600.00 | 600.00 |
| **Furs and Jewelry** | | | |
| **Wedding rings:  man's gold band, woman's diamond engagement ring w/wrap, gold band** Location: 109 Alpine Circle, Belle Vernon PA 15012 | 11 U.S.C. § 522(d)(4) 11 U.S.C. § 522(d)(5) | 2,900.00 600.00 | 3,500.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| **2 pistols:  1 registered to each** Location: 109 Alpine Circle, Belle Vernon PA 15012 | 11 U.S.C. § 522(d)(3) | 400.00 | 400.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **Cash value of 401(k) through Scottdale Bank & Trust.  (Only employed since August 2011.)** | 11 U.S.C. § 522(d)(12) | 552.00 | 552.00 |

___1___ continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/10) -- Cont.

In re    **Thomas J. Kinsey, Jr.,**                                  Case No.    **12-20439 CMB**

         **Ellen S. Kinsey**

                                        Debtors                  ,

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| **Claim for breach of contract vs. Oditza Carrasco for defaulting on "Buy-Sell Agreement" dated 10/28/11, whereby Husband sold Home Team Lending, LLC, HTL Settlement Services, LLC and Turn 2 Sold Real Estate, LLC, to Carrasco for $100,000.  Carrasco made no payments on the agreement.** | **11 U.S.C. § 522(d)(5)** | **11,975.00** | **100,000.00** |
| **Claim vs. Oditza Carrasco for failure to pay lease for site of Home Team Lending office, pursuant to an "Assignment and Assumption of Standard Commercial Office Lease for Home Team Lending, LLC."  Willowpointe Partners, LLC confessed judgment against both Debtors for $270,710 at No. 222 of 2012, Westmoreland County Court of Common Pleas, for the entire balance of the lease.** | **11 U.S.C. § 522(d)(5)** | **7,204.00** | **270,710.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2008 Nissan Armada SUV w/94,000 miles Location: 109 Alpine Circle, Belle Vernon PA 15012** | **11 U.S.C. § 522(d)(5)** | **1,821.00** | **20,000.00** |
| **2003 Infiniti FX-35 w/197,000 miles.  Title is unencumbered. Location: 109 Alpine Circle, Belle Vernon PA 15012** | **11 U.S.C. § 522(d)(2)** <br> **11 U.S.C. § 522(d)(5)** | **3,450.00** <br> **1,550.00** | **5,000.00** |
| | Total: | **43,246.00** | **637,962.00** |

Sheet    **1**    of    **1**    continuation sheets attached to the Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re  **Thomas J. Kinsey, Jr.,**
      **Ellen S. Kinsey**
                                Debtors

Case No.  **12-20439 CMB**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community — H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **102431455100001** <br><br> **Nissan Motor Acceptance Corporation** <br> **Bankruptcy Department** <br> **P.O.Box 660366** <br> **Dallas, TX 75266-0366** | | W | Opened  6/01/07  Last Active 11/21/11 <br><br> Purchase money security interest <br><br> 2008 Nissan Armada SUV w/94,000 miles Location: 109 Alpine Circle, Belle Vernon PA 15012 <br> Value $         20,000.00 | | | | 18,179.00 | 0.00 |
| Account No. **654 8582807** <br><br> **Wells Fargo Bank** <br> **One Home Campus** <br> **Des Moines, IA 50328** | | W | Opened  7/01/03  Last Active 12/20/11 <br><br> Second mortgage <br><br> Residence, a 2 story frame 4 bedroom home on city lot @ 109 Alpine Circle, Belle Vernon, Westmoreland County, PA. <br> Value $        230,000.00 | | | | 51,261.00 | 0.00 |
| Account No. **7080226242865** <br><br> **Wells Fargo Home Mortgage** <br> **Attn:  Bankruptcy Mail** <br> **3476 Stateview Road** <br> **Fort Mill, SC 29715** | | W | Opened  7/01/03  Last Active 10/21/11 <br><br> First mortgage <br><br> Residence, a 2 story frame 4 bedroom home on city lot @ 109 Alpine Circle, Belle Vernon, Westmoreland County, PA. <br> Value $        230,000.00 | | | | 173,744.00 | 0.00 |
| Account No. **No. 222 of 2012 JU** <br><br> **Willowpointe Partners, LLC** <br> **15 Arentzen Boulevard** <br> **Charleroi, PA 15022** | X | J | 1/12/12 <br><br> Judgment lien <br><br> Residence, a 2 story frame 4 bedroom home on city lot @ 109 Alpine Circle, Belle Vernon, Westmoreland County, PA. <br> Value $        230,000.00 | | | | 270,709.50 | 265,714.50 |

  **0**   continuation sheets attached

| | Subtotal (Total of this page) | 513,893.50 | 265,714.50 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 513,893.50 | 265,714.50 |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6E (Official Form 6E) (4/10)

.

In re    **Thomas J. Kinsey, Jr.,**
         **Ellen S. Kinsey**
                                                                        Case No.    __12-20439 CMB__
_____,
                              Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

__0__    continuation sheets attached

B6F (Official Form 6F) (12/07)

In re    **Thomas J. Kinsey, Jr.,**    Case No. ___**12-20439 CMB**___
**Ellen S. Kinsey**
,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community |  |  | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
|  |  | H | W | J C |  |  |  |  |  |
| Account No. 5178 0572 5882 1557<br><br>**Capital One**<br>**c/o TSYS Total Debt Management**<br>**P.O. Box 5155**<br>**Norcross, GA 30091** |  | H |  |  | **Opened 7/01/08 Last Active 3/28/11**<br>**Revolving line of credit used for consumer purchases.** |  |  |  | **1,993.00** |
| Account No. 4003 4470 0494 1409<br><br>**Capital One**<br>**c/o TSYS Total Debt Management**<br>**P.O. Box 5155**<br>**Norcross, GA 30091** |  |  | W |  | **Opened 4/01/07 Last Active 6/14/10**<br>**Revolving line of credit used for consumer purchases.** |  |  |  | **1,403.00** |
| Account No. 8539804177<br><br>**Citibank**<br>**P.O. Box 790110**<br>**Saint Louis, MO 63179-0110** |  |  | W |  | **Opened 5/01/11**<br>**Revolving line of credit used for consumer purchases.** |  |  |  | **1,598.00** |
| Account No. 6011 0056 5353 1361<br><br>**Discover**<br>**P.O. Box 30943**<br>**Salt Lake City, UT 84130** |  |  | W |  | **Opened 4/01/94 Last Active 7/29/10**<br>**Revolving line of credit used for consumer purchases.** |  |  |  | **8,147.00** |

___3___   continuation sheets attached

Subtotal
(Total of this page)    **13,141.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Thomas J. Kinsey, Jr.,**  
　　　**Ellen S. Kinsey**

Case No. __**12-20439 CMB**__

_____,  
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. **5406914** <br><br> **GE Money Bank** <br> **Attention:  Bankruptcy Department** <br> **P.O. Box 103104** <br> **Roswell, GA 30076** | | W | | **Opened  4/01/11** <br> **Revolving line of credit used for consumer purchases.** | | | | **1,263.00** |
| Account No. **5155 9900 5266 5738** <br><br> **HSBC Card Services** <br> **Attn:  Bankruptcy** <br> **P.O. Box 5213** <br> **Carol Stream, IL 60197** | | H | | **Opened  7/30/08  Last Active  3/27/11** <br> **Revolving line of credit used for consumer purchases.** | | | | **705.00** |
| Account No. **414866311** <br><br> **HSBC Retail Services** <br> **P.O. Box 5893** <br> **Carol Stream, IL 60197-5893** | | W | | **Opened  9/01/11** <br> **Charge account which was paid in full.  Still appears on credit report as debt for $440.** | | | X | **0.00** |
| Account No. **5452 1000 0290 2849** <br><br> **Juniper Bank** <br> **P.O. Box 8802** <br> **Wilmington, DE 19899-8802** | | W | | **Opened  4/01/07  Last Active  8/12/10** <br> **Revolving line of credit used for consumer purchases.** | | | | **11,480.00** |
| Account No. <br><br> **PNC Bank** <br> **Consumer Loan Center** <br> **2730 Liberty Avenue** <br> **Pittsburgh, PA 15222** | | W | | **Second mortgage on Wife's former commercial building located @ 135 West 2nd Street, Berwick, PA.  Foreclosed on in late 2010.** | | | | **Unknown** |

Sheet no. __**1**__ of __**3**__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal  
(Total of this page)

**13,448.00**

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Thomas J. Kinsey, Jr.,**
      **Ellen S. Kinsey**

Case No.    **12-20439 CMB**

Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **5049 9481 3257 6606** <br><br> **Sears** <br> **P.O. Box 6282** <br> **Sioux Falls, SD 57117-6282** | | W | **Opened  3/01/93  Last Active  6/27/10** <br> **Revolving line of credit used for consumer purchases.** | | | | 1,549.00 |
| Account No. **5121 0796 7076 2803** <br><br> **Sears** <br> **P.O. Box 6282** <br> **Sioux Falls, SD 57117-6282** | | H | **Opened  2/01/99  Last Active  6/27/10** <br> **Revolving line of credit used for consumer purchases.** | | | | 1,488.00 |
| Account No. **UGIC1006049655448** <br><br> **UGI Penn Natural Gas Co.** <br> **1 Ugi Center** <br> **Wilkes Barre, PA 18711** | | W | **2010** <br> **Gas service @ prior business location.** | | | | 643.00 |
| Account No. **3444069483463137** <br><br> **United Bank, Inc.** <br> **2650 Grand Central Avenue** <br> **Vienna, WV 26105** | | J | **Opened  3/01/04  Last Active  8/26/09** <br> **Balance due after repossession of motor home.** | | | | Unknown |
| Account No. **724 929 2573 628** <br><br> **Verizon** <br> **Attn:  Bankruptcy** <br> **3900 Washington Street** <br> **Wilmington, DE 19802** | | W | **Opened 11/01/02  Last Active 10/15/11** <br> **Internet service** | | | | 155.00 |

Sheet no. __2__ of __3__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,835.00

B6F (Official Form 6F) (12/07) - Cont.

In re  **Thomas J. Kinsey, Jr.,**
      **Ellen S. Kinsey**
                                         ,
                                    Debtors

Case No.   **12-20439 CMB**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.<br><br>**Wells Fargo Bank<br>One Home Campus<br>Des Moines, IA 50328** | | W | | **First mortgage on Wife's former commercial building located @ 135 West 2nd Street, Berwick, PA.  Foreclosed on in late 2010.** | | | | **Unknown** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

| | | |
|---|---|---|
| Sheet no. **3** of **3** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal<br>(Total of this page) | **0.00** |
| | Total<br>(Report on Summary of Schedules) | **30,424.00** |

B6G (Official Form 6G) (12/07)

.

In re    **Thomas J. Kinsey, Jr.,**                                                            Case No.    __12-20439 CMB__
         **Ellen S. Kinsey**
_____,
                                        Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Oditza Carrasco**<br>**100 Denniston Avenue**<br>**Pittsburgh, PA 15206** | **Agreement to sell Home Team Lending business to Carrasco for $100,000.  Agreement for Carrasco to take over lease on Home Team Lending commercial space.** |
| **Willowpointe Partners, LLC**<br>**15 Arentzen Boulevard**<br>**Charleroi, PA 15022** | **Lease for Home Team Lending location which was assigned to Oditza Carrasco.  Carrasco defaulted.  Debtors already vacated property.** |

**0**
____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                                Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re    **Thomas J. Kinsey, Jr.,**                                              Case No. ___**12-20439 CMB**_____
         **Ellen S. Kinsey**
_____,
                                    Debtors

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Home Team Lending, LLC**<br>**800 Plaza Drive--Suite 260**<br>**Belle Vernon, PA 15012**<br>  **Prior business.** | **Willowpointe Partners, LLC**<br>**15 Arentzen Boulevard**<br>**Charleroi, PA 15022** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re **Thomas J. Kinsey, Jr.**
**Ellen S. Kinsey**
_____
Debtor(s)

Case No.   **12-20439 CMB**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Son**<br>**Debtor/Husband**<br>**Co-Debtor/Wife**<br>**Daughter** | AGE(S):<br>**11**<br>**40**<br>**40**<br>**7** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Analyst** | **Medical billing clerk** |
| Name of Employer | **Scottdale Bank** | **Pepper Family Medicine** |
| How long employed | **6 months** | **5 months** |
| Address of Employer | **125 South Arch Street**<br>**Connellsville, PA 15425** | **728 Broad Avenue**<br>**Belle Vernon, PA 15012** |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **5,078.00** | $ **1,592.00** |
| 2. Estimate monthly overtime | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **5,078.00** | $ **1,592.00** |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ **857.00** | $ **217.00** |
| b. Insurance | $ **90.00** | $ **0.00** |
| c. Union dues | $ **0.00** | $ **0.00** |
| d. Other (Specify): | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **947.00** | $ **217.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **4,131.00** | $ **1,375.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **0.00** |
| 8. Income from real property | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **0.00** |
| 11. Social security or government assistance (Specify): | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 12. Pension or retirement income | $ **0.00** | $ **0.00** |
| 13. Other monthly income (Specify): | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **0.00** | $ **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **4,131.00** | $ **1,375.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **5,506.00** | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re **Thomas J. Kinsey, Jr.**
**Ellen S. Kinsey**
_____
Debtor(s)

Case No. **12-20439 CMB**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,588.70 |
| a. Are real estate taxes included? Yes **X** No ___ | | |
| b. Is property insurance included? Yes **X** No ___ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 300.00 |
| b. Water and sewer | $ | 150.00 |
| c. Telephone | $ | 0.00 |
| d. Other **See Detailed Expense Attachment** | $ | 237.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 50.00 |
| 4. Food | $ | 500.00 |
| 5. Clothing | $ | 80.00 |
| 6. Laundry and dry cleaning | $ | 50.00 |
| 7. Medical and dental expenses | $ | 200.00 |
| 8. Transportation (not including car payments) | $ | 400.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 220.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 100.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 982.65 |
| b. Other **2nd mortgage** | $ | 386.65 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **Haircuts, toiletries, sundries** | $ | 45.00 |
| Other **Children's school lunches, misc. school expenses** | $ | 60.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)      $    5,350.00

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ | 5,506.00 |
| b. Average monthly expenses from Line 18 above | $ | 5,350.00 |
| c. Monthly net income (a. minus b.) | $ | 156.00 |

B6J (Official Form 6J) (12/07)

In re   **Thomas J. Kinsey, Jr.**
      **Ellen S. Kinsey**
                    Debtor(s)

Case No.   **12-20439 CMB**

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---:|
| Cable TV | $ | 65.00 |
| Garbage | $ | 12.00 |
| Cellular telephones | $ | 120.00 |
| Internet | $ | 40.00 |
| **Total Other Utility Expenditures** | $ | **237.00** |

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
### Western District of Pennsylvania

In re    **Thomas J. Kinsey, Jr.**
       **Ellen S. Kinsey**                        Case No.    **12-20439 CMB**

Debtor(s)          Chapter    **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

      I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **20**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    **January 31, 2012**                Signature:    **/s/ Thomas J. Kinsey, Jr.**
                                                           Debtor

Date    **January 31, 2012**                Signature:    **/s/ Ellen S. Kinsey**
                                                     (Joint Debtor, if any)

[If joint case, both spouses must sign.]

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

      I, the       [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the       [corporation or partnership] named as a debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of      sheets *[total shown on summary page plus 1]*, and that they are true and correct to the best of my knowledge, information, and belief.

Date                                  Signature:                                 
                                                    [Print or type name of individual signing on behalf of debtor]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
### Western District of Pennsylvania

In re **Thomas J. Kinsey, Jr.**
**Ellen S. Kinsey**

Case No. **12-20439 CMB**

Debtor(s)

Chapter **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $7,655.00 | 2012 Husband--Scottdale Bank |
| $1,592.00 | 2012 Wife--L. Douglas Pepper, M.D. |
| $27,250.00 | 2011 Husband--Scottdale Bank |
| $6,848.00 | 2011 Wife--L. Douglas Pepper, M.D. |
| $500.00 | 2010 Husband--Home Team Lending (mortgage broker income) |
| $0.00 | 2010 Wife--none |

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

---

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.     *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None
☐

b.     *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |
| **Wells Fargo Home Mortgage** <br> **Attn:  Bankruptcy Mail** <br> **3476 Stateview Road** <br> **Fort Mill, SC 29715** | **November, December of 2011 & January of 2012 @ $1,589/month.** | **$4,767.00** | **$173,745.00** |
| **Nissan Motor Acceptance Corporation** <br> **Bankruptcy Department** <br> **P.O.Box 660366** <br> **Dallas, TX 75266-0366** | **November, December of 2011 & January of 2012 @ $983/month.** | **$2,949.00** | **$18,179.00** |
| **Wells Fargo Bank** <br> **One Home Campus** <br> **Des Moines, IA 50328** | **November, December 2011, January 2012 @ $387/month.** | **$1,161.00** | **$51,261.00** |

None
■

c.     *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

---

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Willowpointe Partners, LLC. vs. Home Team Lending, LLC, Thomas Kinsey and Ellen Kinsey No. 222 of 2012, J.U.** | **Civil suit** | **Westmoreland County Court of Common Pleas** | **Confession judgment entered on 1/12/12 for $270,709.50. Writ of execution issued on 1/18/12.** |
| **Discover Bank vs. Ellen S. Kinsey No. 244 of 2012** | **Civil suit** | **Westmoreland County Court of Common Pleas** | **Complaint filed and served.** |
| **Barclays Bank Delaware vs. Ellen S. Kinsey CV-291-11** | **Civil suit** | **District Judge Chas. M. Christner, Jr. 112 Walnut Lane--Suite 1 West Newton, PA 15089** | **Complaint filed and served. Judgment entered on 1/18/12 for $11,479.95.** |

None
■   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
☐   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Wells Fargo Home Mortgage Attn: Bankruptcy Mail 3476 Stateview Road Fort Mill, SC 29715** | **2010** | **First mortgage on Wife's former commercial building located @ 135 West 2nd Street, Berwick, PA. Foreclosed on in late 2010.** |
| **PNC Bank Consumer Loan Center 2730 Liberty Avenue Pittsburgh, PA 15222** | | **Second mortgage on Wife's former commercial building located @ 135 West 2nd Street, Berwick, PA. Foreclosed on in late 2010.** |

4

**6. Assignments and receiverships**

None
■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
■  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Zebley Mehalov & White, P.C.**<br>**P.O. Box 2123**<br>**Uniontown, PA 15401** | **1/28/12** | **$1,000** |
| **National Financial Literacy Foundation**<br>**555 Winderley Place**<br>**Suite 300**<br>**Maitland, FL 32751** | **1/30/12** | **$50** |

5

### 10. Other transfers

None ■    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None ☐    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **PNC Bank**<br>**Rostraver Branch**<br>**Belle Vernon, PA 15012** | **Home Team Lending business checking account with a negative final balance at closing.  Debtors paid $270.43 to close account.** | **Closed in 2/12.** |

### 12. Safe deposit boxes

None ■    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None ■    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None ■    List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

6

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                   NAME USED                                   DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
☐
a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Home Team Lending, LLC** | **27-0004243** | **800 Plaza Drive Suite 260 Belle Vernon, PA 15012** | **Mortgage, real estate and settlement services.** | **2001 to 10/11 when business sold to Oditza Carrasca.** |

None
■
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                    DATES SERVICES RENDERED
**Thomas J. Kinsey, Jr.**                            **2001 to 10/11 when business sold to**
**109 Alpine Circle**                                **Oditza Carrasca.**
**Belle Vernon, PA 15012**

None
■
b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                        ADDRESS                        DATES SERVICES RENDERED

None
☐
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                ADDRESS
**Thomas J. Kinsey, Jr.**                            **109 Alpine Circle**
**All books available.  Tax returns were self-prepared.**    **Belle Vernon, PA 15012**

8

**None**  ■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was
issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                          DATE ISSUED

---

### 20. Inventories

**None**  ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory,
and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY |
DATE OF INVENTORY           INVENTORY SUPERVISOR              (Specify cost, market or other basis)

**None**  ■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY                     NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
RECORDS

---

### 21 . Current Partners, Officers, Directors and Shareholders

**None**  ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS              NATURE OF INTEREST              PERCENTAGE OF INTEREST

**None**  ■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns,
controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS              TITLE                 NATURE AND PERCENTAGE
OF STOCK OWNERSHIP

---

### 22 . Former partners, officers, directors and shareholders

**None**  ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the
commencement of this case.

NAME                          ADDRESS                      DATE OF WITHDRAWAL

**None**  ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year**
immediately preceding the commencement of this case.

NAME AND ADDRESS              TITLE                 DATE OF TERMINATION

---

### 23 . Withdrawals from a partnership or distributions by a corporation

**None**  ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation
in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the
commencement of this case.

NAME & ADDRESS                                          AMOUNT OF MONEY
OF RECIPIENT,                    DATE AND PURPOSE       OR DESCRIPTION AND
RELATIONSHIP TO DEBTOR           OF WITHDRAWAL          VALUE OF PROPERTY

---

### 24. Tax Consolidation Group.

**None**  ■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated
group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement
of the case.

NAME OF PARENT CORPORATION                          TAXPAYER IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **January 31, 2012**                Signature  **/s/ Thomas J. Kinsey, Jr.**
                                                       **Thomas J. Kinsey, Jr.**
                                                       Debtor


Date  **January 31, 2012**                Signature  **/s/ Ellen S. Kinsey**
                                                       **Ellen S. Kinsey**
                                                       Joint Debtor


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Western District of Pennsylvania

| | | | |
|---|---|---|---|
| In re | **Thomas J. Kinsey, Jr.** <br> **Ellen S. Kinsey** | Case No. | **12-20439 CMB** |
| | Debtor(s) | Chapter | **7** |

### CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

---

Property No. 1

| **Creditor's Name:** <br> **Nissan Motor Acceptance Corporation** | **Describe Property Securing Debt:** <br> **2008 Nissan Armada SUV w/94,000 miles** <br> **Location: 109 Alpine Circle, Belle Vernon PA 15012** |
|---|---|

Property will be (check one):
- ☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ■ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt                    ☐ Not claimed as exempt

---

Property No. 2

| **Creditor's Name:** <br> **Wells Fargo Bank** | **Describe Property Securing Debt:** <br> **Residence, a 2 story frame 4 bedroom home on city lot @ 109 Alpine Circle, Belle Vernon, Westmoreland County, PA.** |
|---|---|

Property will be (check one):
- ☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ■ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt                    ☐ Not claimed as exempt

---

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**Wells Fargo Home Mortgage** | **Describe Property Securing Debt:**<br>**Residence, a 2 story frame 4 bedroom home on city lot @ 109**<br>**Alpine Circle, Belle Vernon, Westmoreland County, PA.** |

Property will be (check one):

☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
■ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt                    ☐ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**Willowpointe Partners, LLC** | **Describe Property Securing Debt:**<br>**Residence, a 2 story frame 4 bedroom home on city lot @ 109**<br>**Alpine Circle, Belle Vernon, Westmoreland County, PA.** |

Property will be (check one):

☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
■ Other.  Explain **avoid lien using 11 U.S.C. § 522(f)** (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt                    ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease.
Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11<br>U.S.C. § 365(p)(2):<br>☐ YES          ☐ NO |

B8 (Form 8) (12/08)                                                                                     Page 3

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   __**January 31, 2012**_____          Signature   __**/s/ Thomas J. Kinsey, Jr.**_____
                                                              **Thomas J. Kinsey, Jr.**
                                                              Debtor


Date   __**January 31, 2012**_____          Signature   __**/s/ Ellen S. Kinsey**_____
                                                              **Ellen S. Kinsey**
                                                              Joint Debtor

# United States Bankruptcy Court
## Western District of Pennsylvania

In re    **Thomas J. Kinsey, Jr.**
     **Ellen S. Kinsey**         Case No.   **12-20439 CMB**
                     Debtor(s)         Chapter    **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 2,394.00 |
| Prior to the filing of this statement I have received | $ | 694.00 |
| Balance Due | $ | 1,700.00 |

2. $ **306.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor     ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor     ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
   **In Chapter 7 cases:  consultations; attending meeting of creditors; negotiations and telephone calls with client and client's creditors; preparation and filing of schedules; uncontested motions not requiring a court appearance; correspondence with client and client's creditors; negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

   **In Chapter 13 cases:  consultations; negotiating with creditors; preparing and filing  schedules and plan of repayment; telephone calls and correspondence; attending  meeting of creditors and conciliation hearings; preparing and prosecuting adversary actions; defending motions for relief from stay; reviewing and objecting to creditors' claims; responding to Trustee's notice of default; and amending plans and schedules up to the hourly equivalent of the approved "no look" fee.  All time spent beyond the "no look" fee will be billed at $200/hour, subject to court approval.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **In Chapter 7 cases: representation in any dischargeability action, judicial lien avoidance or relief from stay action; court appearances or any adversary proceeding; fees and costs for amending schedules; responding to a United States Trustee audit; preparing and filing reaffirmation agreements; having the Bankruptcy Court excuse failure to complete Financial Education Course on time; defending discharge actions, contested judicial lien avoidances or relief from stay actions; redemption actions; defending US Trustee's action to dismiss or convert case to another chapter; re-opening case once it has closed; travel to Bankruptcy Court in Pittsburgh; defending Trustee's objections to exemptions; state court matters; bankruptcy issues arising after case closes; clearing errors on credit report; or matters unrelated to bankruptcy.  ZMW will charge separately for these matters after first discussing them with client.**

   **In Chapter 13 cases:  all costs associated with the bankruptcy; fees and costs for converting and completing case under another chapter; re-opening case after closed; state court proceedings; fees and costs related to post-petition financing or sale of real estate; and any matters unrelated to bankruptcy.  Additional fees and costs**

In re  **Thomas J. Kinsey, Jr.**
       **Ellen S. Kinsey**
                                                          Case No.   **12-20439 CMB**

                    Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
### (Continuation Sheet)

**are client's responsibility.  Additional fees for work beyond the initial fees must be approved the Court and will
be either calculated into the plan or billed directly at the rate of $200/hour.**

| CERTIFICATION |
|---|

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

Dated:   **January 31, 2012**                              **/s/ Charles O. Zebley, Jr.**

                                                          **Charles O. Zebley, Jr. 28980**
                                                          **Zebley Mehalov & White, P.C.**
                                                          **P.O. Box 2123**
                                                          **Uniontown, PA 15401**
                                                          **724-439-9200  Fax: 724-439-8435**
                                                          **COZ@ZebLaw.com    OR   dwhite@Zeblaw.com**

B 201A (Form 201A) (11/11)

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF PENNSYLVANIA

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Western District of Pennsylvania

| | | | |
|---|---|---|---|
| In re | **Thomas J. Kinsey, Jr.** | Case No. | **12-20439 CMB** |
| | **Ellen S. Kinsey** | | |
| | Debtor(s) | Chapter | **7** |

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Thomas J. Kinsey, Jr.**
**Ellen S. Kinsey**
_____     X **/s/ Thomas J. Kinsey, Jr.**        **January 31, 2012**
Printed Name(s) of Debtor(s)        Signature of Debtor        Date

Case No. (if known)  **12-20439 CMB**        X **/s/ Ellen S. Kinsey**        **January 31, 2012**
_____        Signature of Joint Debtor (if any)        Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

## United States Bankruptcy Court
### Western District of Pennsylvania

In re    **Thomas J. Kinsey, Jr.**
     **Ellen S. Kinsey**                    Case No.    **12-20439 CMB**

Debtor(s)         Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:    **January 31, 2012**            **/s/ Thomas J. Kinsey, Jr.**
                                          **Thomas J. Kinsey, Jr.**
                                          Signature of Debtor

Date:    **January 31, 2012**            **/s/ Ellen S. Kinsey**
                                          **Ellen S. Kinsey**
                                          Signature of Debtor

B22A (Official Form 22A) (Chapter 7) (12/10)

| In re | **Thomas J. Kinsey, Jr.** |
|---|---|
| | **Ellen S. Kinsey** |
| | Debtor(s) |
| Case Number: | **12-20439 CMB** |
| | (If known) |

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises.**

■ **The presumption does not arise.**

☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor.  If none of the exclusions in Part I applies, joint debtors may complete one statement only.  If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| | **Part I. MILITARY AND NON-CONSUMER DEBTORS** |
|---|---|
| 1A | **Disabled Veterans.**  If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.**  If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.**  Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which  your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends**. <br><br> ☐ **Declaration of Reservists and National Guard Members.**  By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard <br><br> a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and <br>     ☐ I remain on active duty /or/ <br>     ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed; <br><br>     **OR** <br><br> b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/ <br>     ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                 2

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| | | Column A | Column B |
|---|---|---|---|

| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. <br> a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.** <br> b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.** <br> c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** <br> d. ■ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A** <br> Debtor's Income | **Column B** <br> Spouse's Income |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 4,541.67 | $ 1,141.50 |

| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** <table><tr><td></td><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>Gross receipts</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Ordinary and necessary business expenses</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>c.</td><td>Business income</td><td colspan="2">Subtract Line b from Line a</td></tr></table> | $ 0.00 | $ 0.00 |

| 5 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** <table><tr><td></td><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>Gross receipts</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Ordinary and necessary operating expenses</td><td>$ 0.00</td><td>$ 0.00</td></tr><tr><td>c.</td><td>Rent and other real property income</td><td colspan="2">Subtract Line b from Line a</td></tr></table> | $ 0.00 | $ 0.00 |

| 6 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
| 7 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |

| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ 0.00 | $ 0.00 |

| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <br> <table><tr><td>Unemployment compensation claimed to be a benefit under the Social Security Act</td><td>Debtor $ 0.00</td><td>Spouse $ 0.00</td></tr></table> | $ 0.00 | $ 0.00 |

| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. <table><tr><td></td><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td></td><td>$</td><td>$</td></tr><tr><td>b.</td><td></td><td>$</td><td>$</td></tr></table> <br> Total and enter on Line 10 | $ 0.00 | $ 0.00 |

| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ 4,541.67 | $ 1,141.50 |

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                                                3

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 11, Column A. | $ | **5,683.17** |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).**  Multiply the amount from Line 12 by the number 12 and enter the result. | $ | **68,198.04** |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br> a. Enter debtor's state of residence:       **PA**      b. Enter debtor's household size:       **4** | $ | **76,682.00** |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. <br> ■ **The amount on Line 13 is less than or equal to the amount on Line 14.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII. <br> ☐ **The amount on Line 13 is more than the amount on Line 14.**  Complete the remaining parts of this statement. |

**Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | **Enter the amount from Line 12.** | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |

| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |

| | Total and enter on Line 17 | $ |
| 18 | **Current monthly income for § 707(b)(2).**  Subtract Line 17 from Line 16 and enter the result. | $ |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.**  Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are  under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |

| Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per person | | a2. | Allowance per person | |
| b1. | Number of persons | | b2. | Number of persons | |
| c1. | Subtotal | | c2. | Subtotal | $ |

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.**  Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                                                    4

| | | |
|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | |

| | | | |
|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| | | |
|---|---|---|
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |

| | | |
|---|---|---|
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.**<br>You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0   ☐ 1   ☐ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | |
|---|---|---|
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | |
|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1   ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | |

| | | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| | | |
|---|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | |

| | | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                                                5

| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
|---|---|---|
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

|  | **Subpart B: Additional Living Expense Deductions**<br>**Note: Do not include any expenses that you have listed in Lines 19-32** | |
|---|---|---|
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.<table><tr><td>a.</td><td>Health Insurance</td><td>$</td></tr><tr><td>b.</td><td>Disability Insurance</td><td>$</td></tr><tr><td>c.</td><td>Health Savings Account</td><td>$</td></tr></table>Total and enter on Line 34.<br><br>**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:<br>$_____ | $ |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B22A (Official Form 22A) (Chapter 7) (12/10)                                                6

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | |
| | | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ yes ☐ no |
| | | | Total: Add Lines | |

| | | | | $ |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines |

| | | | $ |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |

| | | | |
|---|---|---|
| a. | Projected average monthly Chapter 13 plan payment. | $ |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

| | | | $ |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |

### Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18** (Current monthly income for § 707(b)(2)) | $ |
| 49 | **Enter the amount from Line 47** (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

| | |
|---|---|
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $7,025**\*. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $11,725\*** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\*.** Complete the remainder of Part VI (Lines 53 through 55). |

| | | |
|---|---|---|
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |

| | |
|---|---|
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.**  Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| | |
|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total:  Add Lines a, b, c, and d | $ |

## Part VIII. VERIFICATION

| | |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)*<br><br>Date:  __January 31, 2012__          Signature:  **/s/ Thomas J. Kinsey, Jr.**<br>                                                             **Thomas J. Kinsey, Jr.**<br>                                                                  *(Debtor)*<br><br>Date:  __January 31, 2012__          Signature  **/s/ Ellen S. Kinsey**<br>                                                             **Ellen S. Kinsey**<br>                                                                  *(Joint Debtor, if any)* |

\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B22A (Official Form 22A) (Chapter 7) (12/10) **8**

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**

Income for the Period **07/01/2011** to **12/31/2011**.

**Line 3 - Gross wages, salary, tips, bonuses, overtime, commissions**

Source of Income: **Scottdale Bank**

Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | 07/2011 | $0.00 |
| 5 Months Ago: | 08/2011 | $3,750.00 |
| 4 Months Ago: | 09/2011 | $5,000.00 |
| 3 Months Ago: | 10/2011 | $7,500.00 |
| 2 Months Ago: | 11/2011 | $5,000.00 |
| Last Month: | 12/2011 | $6,000.00 |
| | Average per month: | $4,541.67 |

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                                    9

## Current Monthly Income Details for the Debtor's Spouse

**Spouse Income Details**:
Income for the Period **07/01/2011** to **12/31/2011**.

**Line 3 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **L. Douglas Pepper, M.D.**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **07/2011** | **$0.00** |
| 5 Months Ago: | **08/2011** | **$0.00** |
| 4 Months Ago: | **09/2011** | **$1,411.00** |
| 3 Months Ago: | **10/2011** | **$1,582.00** |
| 2 Months Ago: | **11/2011** | **$2,272.00** |
| Last Month: | **12/2011** | **$1,584.00** |
| | Average per month: | **$1,141.50** |